John Allen SANDERS, Plaintiff-Appellant,

v.

Weldon COX, Acting Warden, Tennessee State Penitentiary, Nashville, Tennessee, Defendant-Appellee.

No. 72–1494.

United States Court of Appeals, Sixth Circuit.

Nov. 15, 1972.

**1228**

James E. Fox (Court Appointed), Memphis, Tenn., for plaintiff-appellant; John Allen Sanders, pro. per. on brief.

David M. Pack, Atty. Gen. of Tenn., Nashville, Tenn., for defendant-appellee.

Before EDWARDS and McCREE, Circuit Judges, and CECIL, Senior Circuit Judge.

PER CURIAM.

Petitioner in this appeal from denial of habeas corpus relief contends principally that his federal constitutional rights were violated by being tried in a "jail uniform," although he had civilian clothes available to him; and by having had an involuntary statement admitted in evidence against him which had been procured from him in violation of the Miranda rule. (Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966)).

■ On inspection of the files and records in this case, and the files and records of the state court trial, we note that petitioner does not allege raising any of his present issues on his direct appeal or in any postconviction proceeding, except the issue of voluntariness of the statement taken from him after arrest. We further note that the recital of appellate issues in the opinion of the Court of Criminal Appeals of Tennessee, which affirmed his conviction, dealt with none of petitioner's present claims, except the voluntariness of his statement to the police. All of petitioner's claims, except the involuntary statement issue, were therefore properly dismissed for failure to exhaust state remedies.

■ As to the remaining issue, there was evidence in the state court trial record from which the court could have determined that proper Miranda warnings were given petitioner, and the nature of the statement indicates that it was exculpatory rather than inculpatory. The District Judge in his order recites that he reviewed the transcript of the state court trial himself, as he was required to do, before determining its admissibility under the Miranda rule.

The judgment of the District Court is affirmed.